**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HAYDEN AI TECHNOLOGIES, INC., | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:25-cv-00528-JRG-RSP |
| v. | § | |
| | § | |
| FLEETMIND SEON SOLUTIONS INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is Defendant FleetMind Seon Solutions Inc's ("FleetMind") Motion to Change Venue Under 28 U.S.C. § 1404(a). **Dkt. No. 40**. In its Motion, Defendant seeks transfer to the Central District of California ("CDCA") in light of Plaintiff's infringement allegations, which stem from a sales presentation featuring the accused product to the Los Angeles County Metropolitan Transportation Authority ("LACMTA"). *Id.* at 1. Having considered the Motion, and for the reasons discussed below, the Court **DENIES** Defendant's Motion.

I.      **LEGAL STANDARD**

        **A. Transfer**

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen*

*II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I.*

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple,*

*Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

### A.    Private Interest Factors

#### 1.    *Ease of Access to Sources of Proof*

The "relative ease of access to sources of proof" factor concerns "documents and other physical evidence." *Apple*, 979 F.3d at 1339. "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17). However, the Federal Circuit has directed the Court to "consider[] the location of document custodians and location where documents are created and maintained" when documents are in electronic format or available via the cloud. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). Reconciling the two approaches to documentary evidence, the Court will weigh physical evidence in favor of its venue location, credit identified document custodians, creation, and maintenance in favor of the holding venue, and otherwise find electronic documentary evidence fairly neutral.

#### 2.    *Availability of Compulsory Process to Secure Attendance of Witnesses*

The availability of process factor addresses the Court's ability to secure the attendance of non-party witnesses. "When there is no indication that a non-party witness is willing, the witness

is presumed to be unwilling." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n. 1 (Fed. Cir. Sept. 25, 2018) (citing *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-00513, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2018)). Thus, this factor hinges upon the inherent limits of this Court's and NDCA's subpoena power over identified third-party entities.

A subpoena may command a person to attend a trial… only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person … (ii) is commanded to attend a trial and would not incur substantial expense. Fed. R. Civ. Proc. 45(c)(1)(A) & (B)(ii).

### 3. Cost of Attendance for Willing Witnesses

The convenience of willing witnesses considers both party witnesses and willing third-party witnesses. Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. Plaintiff asserts that party witnesses must be specifically identified to weigh in favor of this factor, however the Federal Circuit has demonstrated that all alleged party witnesses must be considered. *Genentech*, 566 F.3d 1338, 1333-34 (Fed. Cir. 2009)

### 4. All Other Practical Problems

The fourth private interest factor addresses concerns rationally based on judicial economy. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019); *see also Vistaprint*, 628 F.3d at 1346.

### B.       Public Interest Factors

#### 1.       *Administrative Difficulties Flowing from Court Congestion*

In considering court congestion arguments, deference is given to the district court's assessment of the average time to trial data. *In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. Feb. 1, 2023) (citing *Planned Parenthood*, 52 F.4th at 631; *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)) ("We do not disturb the district court's suggestion that it could dispose of the case more quickly than if the case was transferred to the Northern District of California."). Where the record does not indicate any further basis to comparatively evaluate court efficiencies, the analysis is speculative and neutral. *Id.* (citing *Genentech*, 566 F.3d at 1347).

#### 2.       *Local Interest*

"This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1345 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

## II.   **ANALYSIS**

### A.       Venue and Personal Jurisdiction

As a threshold matter, the Court must consider whether venue and personal jurisdiction is proper in the transferee forum (Central District of California). In its Motion, Defendant argues that CDCA has personal jurisdiction, since Plaintiff's infringement theories are based on an offer for sale within that district. Dkt. No. 40 at 8. Plaintiff's response does not dispute this. The Court agrees that personal jurisdiction is proper, given Plaintiff's allegations that Defendant is responsible for infringing conduct in CDCA. *See* Dkt. No. 94 at 7-8.

In its Motion, Defendant notes that it is a foreign corporation, based in Canada. Dkt. No. 43 at 1. Since venue is proper in any judicial district for a foreign corporation, venue is proper in either the Eastern District of Texas or the Central District of California. *See In re HTC Corp.*, 889 F.3d 1349, 1359 (Fed. Cir. 2018) (foreign corporations are subject to venue in any district).

**B.     Private Interest Factors**

*1.     Ease of Access to Sources of Proof*

In its Motion, Defendant points to evidence in CDCA held by LACMTA, and notes that no such evidence exists in EDTX. Dkt. No. 40 at 9. Defendant notes that this evidence is central to Plaintiff's infringement theory, which is predicated on an offer for sale to LACMTA. *Id.* at 9-10. Defendant identifies several additional places, including Northern California, Delaware, New York City, Arizona, and Houston, and argues that since no evidence is in this district, while some is in CDCA, the "sources of proof" factor favors transfer. *Id.* at 10-11.

Plaintiff argues that since "substantial" evidence of Defendant is in two locations, Vancouver, Canada and Houston, Texas, the "sources of proof" factor weighs against transfer. Dkt. No. 43 at 5. Plaintiff points to prototyping activities that involve the accused product in Houston, and identifies several relevant employees of Defendant's affiliates in Houston involved with the LACMTA sales proposal. *Id.* at 6. Plaintiff concludes that since this prong relies on "relative access," rather than absolutes, the substantial evidence in Houston, relative to Los Angeles, disfavors transfer.

Plaintiff points to substantially more evidence located in Texas, compared to Los Angeles. Plaintiff, however, fails to consider the numerous other locations of evidence scattered throughout the United States and Canada identified by Defendant. Taken together, the Court finds this factor nonetheless weighs against transfer. The California evidence stems from a sales presentation to a

*third party*, whereas the Texas evidence stems from prototype development *for the accused product* by *an affiliate of Defendant*. Given that access to this Defendant-affiliated Texas evidence is significantly easier from the Eastern District of Texas, the Court finds this factor weighs against transfer.

2. *Availability of Compulsory Process to Secure Attendance of Witnesses*

Defendant argues that since "material non-party trial witnesses are subject to the CDCA's subpoena power," and "neither party has identified any non-party trial witnesses that are subject to this Court's subpoena power" the "compulsory process" factor "heavily" favors transfer. Dkt. No 40 at 11. Defendant identifies LACMTA employees involved with Defendant's sales presentation subject to CDCA's subpoena power, while identifying no witnesses subject to this Court's subpoena power.

Plaintiff argues that Defendant fails to consider the numerous affiliated employees in Houston, and their relevance to the accused product's development. Dkt. No. 43 at 10. Plaintiff minimizes the relevance of the LACMTA witnesses, and notes that in a related case pending in New York, no LACMTA witnesses were called, despite claims of "relevance of activities occurring at LACMTA."

While Defendant identifies a potential set of third-party witnesses in Los Angeles, their relevance is lessened compared to the Texas witnesses, who were purportedly involved with the development of the accused product. Furthermore, for trial, the Court's Rule 45 subpoena power extends beyond 100 miles and reaches Houston, given the manageable the lack of "substantial expense" when traveling from Houston to Marshall. *See* Fed. R. Civ. P. 45(c)(1)(b)(ii). Therefore, the Court finds that the "compulsory process" prong weighs against transfer.

7

### 3. Cost of Attendance for Willing Witnesses

Defendant argues that this prong favors transfer, since "more than half of the presently identifiable witnesses reside in California," and only 4 of the 14 identified witnesses live "closer to this District than to the CDCA." Dkt. No. 40 at 13. Defendant further agues that since some Texas witnesses are effectively party witnesses, "their convenience is entitled to less weight than non-party witnesses." *Id.* at 14.

In its response, Plaintiff points to the small difference in travel time between its Vancouver, Canada headquarters and Marshall, compared to Los Angeles. Dkt. No. 43 at 11. Plaintiff concedes that while these potential witnesses are closer to CDCA, any difference is offset by their ability to work from affiliated offices in Texas. *Id.* at 11-12. Finally, Plaintiff notes that the four remaining witnesses are employees of Plaintiff, who cannot properly be considered in Defendant's analysis. *Id.* at 13.

Here, 4 identified willing witnesses are Plaintiff's and are not relevant to a transfer analysis. Defendant concedes four live closer to the Court than CDCA, and nine are identified by Plaintiff as located in Texas. For the remaining employees, the Court finds that the extra two hours of travel time to this Court, relative to CDCA, and from Vancouver, Canada, along with the small number of California-based employees does not offset these Texas ties. Therefore, the Court finds this factor slightly weighs against transfer.

### 4. All Other Practical Problems

In its Motion, Defendant concedes this prong as neutral. Dkt. No. 40 at 14. Plaintiff's response, however, argues this prong disfavors transfer, since the case progressed for four months prior to Defendant filing this Motion. Dkt. No. 43 at 13-14. Defendant argues that the later the transfer, the more inconvenient. *Id.* at 14.

The Court finds this factor neutral. Defendant filed its Motion to Transfer on September 22, 2025, less than two months after the Court entered its discovery and docket control orders, and 16 months prior to the scheduled jury selection. *See* Dkt. Nos. 33, 36 (Docket Control and Discovery Orders). The Court finds no significant problem with this timing. Therefore, the Court finds this factor neutral.

### C.    Public Interest Factors

#### 1.    *Administrative Difficulties Flowing from Court Congestion*

In its Motion, Defendant notes a 2-month difference in time-to-trial between this Court and CDCA. Dkt. No. 40 at 14. Defendant concludes that this small difference indicates this factor as neutral. *Id.*

Plaintiff notes that for patent cases, this 2-month gap widens to a 10-month advantage for this Court. Dkt. No. 43 at 15. Plaintiff concludes that this Court's faster time to trial time "weighs against transfer." *Id.*

The Court finds that this Court's faster time to trial, for both patent and non-patent cases weighs against transfer. In *In re Google LLC*, the Federal Circuit considered the "district court's suggestion that it could dispose of *the case* more quickly." 58 F.4th at 1384. Considering the above-captioned Case is a patent case, the 10-month gap identified by Plaintiff disfavors transfer.

#### 2.    *Local Interest*

Defendant argues that since Plaintiff's infringement theories involve an offer to sell the accused product to a transit agency in Los Angeles, CDCA's local interest is strong, and transfer is favored. Dkt. No. 40 at 15. Defendant notes that since an injunction is sought by Plaintiff, "which would limit LACMTA's alternative options to some extent," CDCA has in interest in the suit. *Id.* Defendant notes that "none of the events giving rise to this action occurred in this District." *Id.*

Plaintiff argues that regardless of their infringement theories, Defendant's local interest argument is merely speculative. Dkt. No. 43 at 14. Plaintiff points to evidence of activities by Defendant to sell the accused product to transit agencies in Dallas and Houston, and activities by Defendant's affiliates in the district relating to the accused product's development. *Id.* Finally, Plaintiff argues that Defendant's "alternatives" argument carries little weight, since "an injunction against FleetMind would also apply equally throughout the country and equally impact transit authorities in this District and throughout Texas." *Id.* at 15.

The Court finds this factor neutral. In *In re Chamber of Com. of United States of Am.*, relied on by Plaintiff, the Fifth Circuit found that when "*all* citizens will experience the effect of this litigation," the local interest factor does not favor any individual district. 105 F.4th 297, 309 (5th Cir. 2024). The same holds true here. While Plaintiff's infringement theories are based on activities in Los Angeles, Plaintiff's relief carries nationwide effect, including in this District. Given this widespread effect, the Court finds this factor neutral.

> 3. *Governing Law and Conflicts of Law*

Both Parties concede these factors as neutral.

## III. <u>CONCLUSION</u>

Since no public or private interest factors favor transfer, the Court finds that Defendant's Motion to Transfer should be **DENIED**.

**SIGNED this 27th day of July, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE